[No. 7717.]

GIBSON V. BELL.

TAX TITLE—*Deed—Description of Lands*—A treasurer's deed described sixteen different tracts of land as stricken off to the bidder. The granting clause assumed to convey "the real property last herein described." *Held*, to pass title to all the lands previously mentioned as sold to the bidder at the tax sale.

*Error to Logan District Court.*—Hon. H. P. BURKE, Judge.

Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. MCCONLEY & HINKLEY, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

This is an action to quiet title to a quarter section of land in Logan county. Plaintiff in error deraigns title from the patentee, through a trust deed foreclosed in December, 1908. Defendant in error claims under a tax deed dated December 28, 1899; recorded January 5, 1900, and the payment of subsequent taxes.

The only question presented, is whether or not the tax deed describes in such a manner, as to convey the property in dispute. Sixteen different tracts are included in the description of the lands conveyed by the tax deed, the tract in controversy appearing near the middle of the description, and the

S. E. ¼ N. E. ¼ 1-7-49, not the property in controversy, appears at the end.

When the tax deed was offered in evidence as color of title, plaintiff objected for the reason that it did not appear to convey the land involved in the suit, because the granting clause in the deed conveys the real property "last herein above described," and the real property last above described, is the S. E. ¼ N. E. ¼ 1-7-49, which is nowhere near the property in controversy. It is argued from this, that as it is not the last described tract in a large number, that it was not conveyed by the tax deed.

We cannot accept so narrow a construction. The words, "last herein above described," in the granting clause, refer to all the property described as having been stricken off to the bidder, and not to the last tract on the list.

The judgment will be affirmed. *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.